IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA, *ET AL.*                          PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 1:07cv94WJG-JMR

ASHBRITT, INC., and FEDERAL
INSURANCE COMPANY                                          DEFENDANTS

O R D E R

THIS CAUSE comes before the Court on the motion [140] Defendants AshBritt, Inc., [AshBritt], and Federal Insurance Company [FIC] to require substitution of a class representative in this case. The Third Amended Complaint in this case that Plaintiffs Oreo Debris, Inc. [Oreo] and Garrett Construction, Inc. [Garrett], as well as other named Plaintiffs, are class representatives for the putative first subclass of subcontractors [Subs]. (Ct. R., Doc. 69, p. 3.) The putative first subclass of Subs are owed only the undisputed amount of retainage. (*Id.*)

Oreo settled its claims against Defendants and agreed to dismiss its claims against them with prejudice on September 18, 2008. (Ct. R., Doc. 140, Exh. 1.) Oreo agreed it would not be a member of the lawsuit as a representative or a member of the putative third class of Subs, defined as Subs who had signed releases and were paid their retainage. (*Id.*)

Garrett is owed retainage and other disputed amounts, according to Leland Garrett, the corporate representative for Garrett. (*Id.*, Exh. 2, pp. 45, 53, 64.) Garret does not want to represent the members of the putative first subclass of Subs, as he meets the qualifications for the proposed second subclass of the class action. (*Id.*, Exh. 2, p. 96.)

Defendants maintain that Plaintiffs should be required to name a class representative for the first subclass of claimants within 30 days. (Ct. R., Doc. 140, p. 2.) In addition, Defendants seek to have the claims contained in the Third Amended Complaint directed to the breach of contract claims of the putative first subclass of claimants in the class action. (*Id*., p. 3.)

According to Plaintiffs, Plaintiffs and their counsel must contact class members and under an agreed order dated June 30, 2008, in this case, they are not allowed to do so until a motion for class certification is filed. (Ct. R., Doc. 147, p. 1, referencing Doc. 70.) Plaintiffs object to a dismissal of the first subclass and seek additional time through February 15, 2009, to find a representative for the class. (*Id*., p. 2.) Defendants argue that the cutoff date for naming a class representative should be January 31, 2009, to allow time to depose the representative and determine if that individual truly meets the requirement of rule 23 as a class representative. (Ct. R., Doc. 149, p. 1.)

The Court finds that the motion to require the naming of a replacement class representative for the putative first subclass of claimants should be granted. The Court further finds that the representative should be named by no later than January 23, 2009, to allow proper discovery to be made on the adequacy of representative by the named representative. The Court also finds that no change in previous orders issued by this Court regarding contact of putative class members is warranted to accommodate the naming of a class representative. It is, therefore,

ORDERED AND ADJUDGED that the motion to require substitution [140] of a class representative in this case be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that Plaintiffs shall name a representative for the putative first subclass of claimants in this case by no later than January 23, 2009. It is further,

ORDERED AND ADJUDGED that any previous order entered by this Court concerning contact of putative class members shall remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the parties bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED, this the 14th day of January, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE